IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHARLA JOHNSON,

    Plaintiff

v.

LT WILBUR HUGGINS and
THE UNITED STATES ARMY

    Defendants.

CIVIL ACTION FILE
1:10-mi-99999

## Complaint

COMES NOW Plaintiff, Charla V. Johnson, by and through her undersigned counsel, and files this Complaint against the U.S. Army, Department of Defense (collectively, "Army,"), and U.S. Army Lieutenant Wilbur Huggins ("Lt. Huggins") (collectively, "Defendants"), showing as follows:

1.    This is an action in tort, and incorporates all relevant laws, codes, statutes and case law including, but not limited to the Uniform Code of Military Justice, the Federal Tort Claims Act (28 U.S.C. 2674), and Georgia state law.

2.    From March 18, 2008 and at all times relevant to this claim, Ms. Johnson has served as a civilian employee of the U.S. Army.  She has been employed as an Administrative Assistant in Building 125 near the Lawrence Joel

Army Health Clinic at Fort McPherson in Atlanta, Georgia, as part of the Medical

Department Activities (MEDDAC) Company.

3.      Upon information and belief, defendant Lt. Wilbur Huggins is and

was at all times relevant to this claim, an active U.S. Army officer posted at Fort

McPherson in Atlanta, Georgia, as part of the Preventative Medicine department

within MEDDAC.

4.      Lt. Huggins' prior history both prior to and after joining the military

demonstrated a tendency for violent and abusive behavior.

5.      At approximately 8:00 p.m. on March 25, 2008, during a training

break, Lt. Huggins sexually assaulted Ms. Johnson.  After approaching Ms.

Johnson in an otherwise emptied break room, Lt. Huggins attempted to hug her,

and then tried to pull her into his office.  Despite repeatedly telling him to stop

and pushing him away, Lt. Huggins grabbed Ms. Johnson, raised her shirt, and

pulled down her bra over her right breast.

6.      As Ms. Johnson continued to struggle, Lt. Huggins then kissed her

right breast and motioned to her pelvic region, saying if she let him "lick it," there

would be no problems.

7.      Ms. Johnson grabbed a coffee mug and struck Lt. Huggins over the

head.  She ran out of the area, and locked herself in her office.

8.      Within a few hours, she reported the incident to then-garrison commander LTC Jeffrey Lawson, who had her write a statement and list her expectations for corrective action.

9.      The following day, LTC Lawson read Ms. Johnson's memo and arranged for her to speak with Criminal Investigation Command ("CID") at Ft. McPherson. (Exhibit A). He assured Claimant that Lt. Huggins would not be allowed near her.

10.     Due to the extreme nature of the incident, Ms. Johnson requested that defendant be restrained from contacting her. Further, she requested to be informed in advance of any training sessions or other meetings in which defendant would be present, and if possible to attend at another time.  Ms. Johnson was given assurances from both garrison and CID officers that defendant would be restricted from contacting or being in the same vicinity as her.

11.     On or about July 20, 2008 she appeared at a formal hearing, the military equivalent of a grand jury.  After the hearing, Ms. Johnson was informed by Cpt. Silverman, then serving as a Judge Advocate General (JAG) officer attached to Ft. McPherson, that charges of sexual assault were to be filed against Lt. Huggins in a court martial, which pursuant to Section 928 Article 128 of the Uniform Code of Military Justice ("UCMJ") was the appropriate forum for a charge of sexual assault.

12.   The court martial was scheduled for October 15, 2008.  However, Ms. Johnson was informed by Cpt. Silverman that the garrison commander had the option of accepting a lesser charge.  On or about October 09, 2008, Ms. Johnson was informed that, in lieu of a court marshal for sexual assault, defendant had requested and been approved to plead guilty to a lesser charge and take a reprimand subject to 10 U.S.C. § 815 ("Article 15") in lieu of prosecution.

13.   An Article 15 is non-judicial punishment for minor offenses, similar to a small-claims court.  Being found guilty or liable under Article 15 is substantially different from the criminal conviction on federal charges that could arise from a court martial.  Under the UCMJ, the maximum punishment that may be administered against an officer by the garrison commander is thirty (30) days' confinement, a reduction in rank and being fined one half of two month's salary.  Further, an Article 15 reprimand may be eventually removed from an individual's military record.

14.   As part of the deal that the garrison commander and Lt. Huggins had agreed to, he would have to retire, and that the process would take between thirty (30) and sixty (60) days before leaving the service.

15.   In the interim, and at all times relevant to the claim, including immediately after the attack, the investigation, and the deal cut between

defendants, Lt. Huggins was allowed to remain in close proximity to Ms. Johnson.

16.    As a result of the attack, Ms. Johnson suffered physical injury.

17.    As a result of the attack, and of Lt. Huggins being allowed to remain in close contact with her prior to having the charges effectively dismissed without good reason, Ms. Johnson has suffered symptoms associated with a person diagnosed with Post Traumatic Stress Disorder ("PTSD").  She has experience severe chronic anxiety as well as frequent related attacks, deep depression, insomnia, and a increase in migraine headaches to an almost daily occurrence. She has had to see a number of physicians and mental health specialists, has been prescribed numerous medications, has taken sick time and continues to suffer mental anguish.

## Statute of Limitations

18.    The statute of limitations was originally set to expire on March 25, 2010.  However, pursuant to the Army's administrative procedures, this matter was referred as a claim.  The Army then began an investigation on or about October 30, 2009.  Pursuant to the Federal Tort Claims Act, this matter was tolled for a total of six months pending the investigation.  As a result the SOL on this matter properly runs through October 30, 2010.

## COUNT I

### Sexual Assault

19.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 18 of this Complaint as if each said paragraph was fully restated herein.

20.     Defendant Huggins touched Claimant's genitalia by forcing himself upon her; and that the act was done without the consent of Claimant.

21.     Defendant Huggins intended to commit a sexual battery on the person of Claimant; and that the attempted act was done without the consent of Claimant.

22.     Defendant Huggins intended to cause Plaintiff to fear an immediate sexual battery or rape; and that the attempted act was done without the consent of Claimant.

23.     As a result of the aforementioned actions, Ms. Johnson was physically injured.

24.     As a result of the aforementioned actions by Defendant Huggins, Ms. Johnson has suffered symptoms associated with a person diagnosed with Post Traumatic Stress Disorder ("PTSD").  She has experienced severe chronic anxiety as well as frequent related attacks, deep depression, insomnia, and a increase in migraine headaches to an almost daily occurrence.  She has had to see a number of physicians and mental health specialists, has been prescribed numerous

6

medications, has taken sick time and continues to suffer mental anguish.

Pursuant to O.C.G.A. 51-1-6, Ms. Johnson is entitled to a recovery of damages.

## COUNT II

### False Imprisonment

25.    Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 24 of this Complaint as if each said paragraph was fully restated herein.

26.    During his attack of Ms. Johnson, Lt. Huggins held her in place, refusing to let her go.  This act was done without the consent of Claimant.

27.    Ms. Johnson had to strike Lt. Huggins on the head with an object before he eventually released her.

28.    As a result of the attack, Ms. Johnson sustained physical injuries.

29.    Further, as a result of the aforementioned actions by Defendant Huggins, Ms. Johnson has suffered symptoms associated with a person diagnosed with Post Traumatic Stress Disorder ("PTSD").  She has experienced severe chronic anxiety as well as frequent related attacks, deep depression, insomnia, and a increase in migraine headaches to an almost daily occurrence.  She has had to see a number of physicians and mental health specialists, has been prescribed numerous medications, has taken sick time and continues to suffer mental anguish.  Pursuant to O.C.G.A. 51-1-6, Ms. Johnson is entitled to a recovery of damages.

## COUNT III

### Vicarious Liability (Respondeat Superior)

30.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 29 of this Complaint as if each said paragraph was fully restated herein.

31.     Defendant Huggins was, at all times relevant to this claim, a commissioned officer with the U.S. Army.

32.     Prior to his enlistment, and during his time in the military, Lt. Huggins had a history of engaging in inappropriate conduct, specifically with members of the opposite sex.

33.     Much of this was known by members of the military, including Lt. Huggins' superior officers.

34.     As in this case, the prior incidents were quietly eliminated without a formal court martial being convened.

35.     As a result, Defendant Army had pre-existing knowledge of Defendant's dangerous tendency toward abusive relationships with female co-workers

36.     Despite this knowledge, Defendant Army allowed Lt. Huggins to remain in military service and therefore be in a position in which he would have the access to sexually assault and falsely imprison Ms. Johnson.

37.    On March 25, 2008, as a result of Defendant Army's negligence, Lt. Huggins sexually assaulted and falsely imprisoned Ms. Johnson.

38.    Subsequent to the attack, Defendant Army, despite a formal hearing bringing serious charges and convening a court martial, decided not to prosecute the matter as required.  Instead, the matter was quietly dismissed using an Article 15, a form of extremely light administrative discipline.  This was done in such a low-key manner that even Plaintiff did not have knowledge of it until after the decision had been made.

39.    As a result of this negligent conduct, Ms. Johnson has suffered symptoms associated with a person diagnosed with Post Traumatic Stress Disorder ("PTSD").  She has experienced severe chronic anxiety as well as frequent related attacks, deep depression, insomnia, and a increase in migraine headaches to an almost daily occurrence.  She has had to see a number of physicians and mental health specialists, has been prescribed numerous medications, has taken sick time and continues to suffer mental anguish. Pursuant to O.C.G.A. 51-1-8 and 28 U.S.C. § 2674, Ms. Johnson is entitled to a recovery of damages.

## COUNT IV

## Negligence

40.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 39 of this Claim as if each said paragraph was fully restated herein.

41.     In addition, after the attack which forms the basis of this claim was committed, Defendant Army allowed Lt. Huggins, who had just been accused of attempted rape, to remain in the same vicinity as Ms. Johnson for no less than a year.

42.     Lt. Huggins was allowed to remain in the same vicinity as Ms. Johnson despite her repeated requests and protests, and Defendant Army's subsequent reassurances that he would be reassigned, removed, or otherwise prohibited from speaking to or being near Ms. Johnson.

43.     As a result of this negligent conduct, Ms. Johnson has suffered symptoms associated with a person diagnosed with Post Traumatic Stress Disorder ("PTSD").  She has experienced severe chronic anxiety as well as frequent related attacks, deep depression, insomnia, and an increase in migraine headaches to an almost daily occurrence.  She has had to see a number of physicians and mental health specialists, has been prescribed numerous medications, has taken sick time and continues to suffer mental anguish. Pursuant

to O.C.G.A. 51-1-8 and 28 U.S.C. § 2674, Ms. Johnson is entitled to a recovery of damages.

## Count V

## Intentional Infliction of Emotional Distress

44.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 43 of this Claim as if each said paragraph was fully restated herein.

45.     Lt. Huggins' sexual assault was an attempt to force himself upon Ms. Johnson.

46.     Such an attack was intended to overwhelm and "shock" the senses of Ms. Johnson.

47.     His attack caused significant physical and mental harm to Ms. Johnson, including but not limited to symptoms associated with a person diagnosed with Post Traumatic Stress Disorder ("PTSD").  She has experienced severe chronic anxiety as well as frequent related attacks, deep depression, insomnia, and an increase in migraine headaches to an almost daily occurrence. She has had to see a number of physicians and mental health specialists, has been prescribed numerous medications, has taken sick time and continues to suffer mental anguish.  Pursuant to O.C.G.A. 51-1-6, Ms. Johnson is entitled to a recovery of damages.

## COUNT VI

### Negligent Infliction of Emotional Distress

48.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 47 of this Claim as if each said paragraph was fully restated herein.

49.     Defendant Army knew or had reason to know that Lt. Huggins' continued close proximity to Ms. Johnson after the attack would cause her severe mental and emotional anguish.

50.     Defendant Army knew that Ms. Johnson had requested and their garrison and other command officers had reassured her than Lt. Huggins would not be allowed near her.

51.     On numerous occasions, as a result of Defendant Army's failure to restrain Lt. Huggins, he and Ms. Johnson were in close proximity to one another, causing her severe and emotional anguish.

52.     Such mental and emotional harm, including but not limited to symptoms associated with a person diagnosed with Post Traumatic Stress Disorder ("PTSD").  She has experienced severe chronic anxiety as well as frequent related attacks, deep depression, insomnia, and an increase in migraine headaches to an almost daily occurrence.  She has had to see a number of physicians and mental health specialists, has been prescribed numerous medications, has taken sick time and continues to suffer mental anguish.

Pursuant to O.C.G.A. 51-1-8 and 28 U.S.C. § 2674, Ms. Johnson is entitled to a recovery of damages.

## COUNT VII

### Negligent Retention

53.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 52 of this Claim as if each said paragraph was fully restated herein.

54.     In addition, after the attack which forms the basis of this claim was committed, Defendant Army allowed Lt. Huggins, who had just been accused of attempted rape, to remain in the same vicinity as Ms. Johnson for no less than a year.

55.     Lt. Huggins was allowed to remain in the same vicinity as Ms. Johnson despite her repeated requests and protests, and Defendant Army's subsequent reassurances that he would be reassigned, removed, or otherwise prohibited from speaking to or being near Ms. Johnson.

56.     As a result of this negligent conduct, and in violation of Ms. Johnson has suffered symptoms associated with a person diagnosed with Post Traumatic Stress Disorder ("PTSD").  She has experienced severe chronic anxiety as well as frequent related attacks, deep depression, insomnia, and an increase in migraine headaches to an almost daily occurrence.  She has had to see a number of physicians and mental health specialists, has been prescribed numerous

medications, has taken sick time and continues to suffer mental anguish. Pursuant to O.C.G.A. 51-1-8 and 28 U.S.C. § 2674, Ms. Johnson is entitled to a recovery of damages.

WHEREFORE Plaintiff prays for the following:

(a)    That the Court render judgment against Defendants in the principal amount exceeding $75,000;

(b)    That attorneys' fees and claim costs be awarded;

(c)    That punitive damages be awarded; and

(d)    That the Court grants all other relief as it deems fit and proper.

*/s/ Robert Arrington*
Robert Arrington, Esq.
Georgia Bar No. 141853
ESSENTIA LEGAL, P.C.
3915 Cascade Road Ste. 110
Atlanta, GA 30331
Phone: 404-549-6771
Fax: 404-549-6771
robert@essentialegal.com

Attorney for Plaintiff